**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

IN RE:

DENNIS CARRASQUILLO,                                                    CASE NO.: 06-50042 LMK

Debtor.                                                                                   CHAPTER 13

_____/

**ORDER DENYING CREDITOR'S MOTION TO EXTEND TIME**

THIS MATTER is before the Court on Creditor Mark Feinstein's Motion to Extend Time for Debtor to Comply with the Court's March 2, 2006 Order Directing Immediate Compliance (Doc. 9). The Debtor filed his petition on March 1, 2006, without indicating on the face of the petition whether or not he received pre-petition credit counseling, and he also did not file a certificate of credit counseling as required by Rule 1007(c) of the Interim Bankruptcy Rules. In response to the petition, the Court issued an Order Directing Immediate Compliance on March 2, 2006, giving the Debtor five days to file such a certificate (Doc. 3). The Creditor filed the instant Motion on March 3, 2006, in which he asks the Court to extend the Debtor's time to comply with the Order Directing Immediate Compliance until after the Court has ruled on the Creditor's other pending motions.

Unless an individual falls into one of a few narrow exceptions, none of which apply in this case, he is ineligible to be a debtor under the Bankruptcy Code unless he has received credit counseling from an approved agency within the 180-day period preceding the filing of his petition. 11 U.S.C. §109(h)(1). A certification of such credit counseling "shall be filed with the petition in a voluntary case." Interim Bankr. R. 1007(c). The Court's Order Directing Immediate Compliance gives the Debtor five days to file a certificate of pre-petition credit counseling, not five days to receive credit counseling. The Debtor's time to comply with the Order Directing Immediate Compliance has not yet expired, and there is no basis for extending such deadline. If the Debtor did in fact receive pre-petition credit counseling, he need only file a certificate of such counseling with the Court. If he did not receive credit counseling pre-petition, then he was ineligible *ab initio* to be a debtor under §109(h), and extending his time to comply with the Order Directing Immediate

Compliance would be futile, as his case should be dismissed.   Accordingly,  it is hereby

**ORDERED AND ADJUDGED** that Mark Feinstein's Motion to Extend Time for Debtor to Comply with the Court's March 2, 2006 Order Directing Immediate Compliance is **DENIED.**

DONE AND ORDERED in Tallahassee, Florida, this 7th day of March, 2006.

_____
Lewis M. Killian Jr.
United States Bankruptcy Judge

cc:   Dennis Carrasquillo
      James Duncan
      Mark Feinstein
      Leigh D. Hart
      United States Trustee